# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **ERIC JOHN-JAMARION BURCH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **CIVIL ACTION NO. 1:13-06793** |
| **v.** | ) | |
| | ) | |
| **KAREN HOGSTEN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On April 2, 2013, Petitioner, acting *pro se*,[1] filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document Nos. 1 and 1-1.) In his Petition, Petitioner challenges the calculation of his sentence. (Id.) Specifically, Petitioner argues that the BOP is improperly denying him Federal credit for the time he served in State custody. (Document No. 1-1.) Petitioner explains that he was arrested by State authorities on November 20, 2008. (Id.) Petitioner states that he was found guilty of a probation violation in State court and was sentenced to 2 to 4 years. (Id.) On September 23, 2009, Petitioner was borrowed from the State pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum*. (Id.) Petitioner alleges that during his Arraignment and Detention Hearing conducted on September 23, 2009, United States Magistrate Judge Ellen S. Carmody informed Petitioner that he would "get credit for 'ANY' time that Petitioner spent in custody." (Id.) Thus, Petitioner claims that his Federal sentence is being improperly "served consecutively, which is totally contrary to the understanding engraved in Petitioner's pool of understanding in the September 23, 2009, proceedings." (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Petitioner explains that United States District Judge Robert Holmes Bell imposed a consecutive sentence, which was contrary to Petitioner's understanding. (Id.) Petitioner complains that on April 16, 2010, he was returned to State of Michigan to finish his State sentence. (Id.) Petitioner argues that his "sole reliance on the statement made by the United States Magistrate Judge on the day of the Initial Pretrial Conference and Detention hearing, is the reason that Petitioner plead guilty in this case." (Id.) As relief, Petitioner requests that the Court "order that Petitioner's sentence be corrected so that Petitioner may receive time credit." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's Declaration (Id., pp. 9 - 11.); (2) A copy of Petitioner's "Request for Administrate Remedy Informal Resolution Form" dated February 23, 2012 (Id., p. 12.); (3) A copy of Petitioner's "Request for Administrative Remedy" dated March 9, 2012 (Id., p. 13.); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated April 1, 2012 (Id., p. 14.); and (5) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated July 7, 2012 (Id., p. 15.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the

person who holds him in what is alleged to be unlawful custody." <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

<u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. <u>See e.g.</u>, <u>Alston v. Adams</u>, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); <u>Alvarez v. Conley</u>, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); <u>Smithhart v. Gutierrez</u>, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

---

[3]   The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on June 25, 2015.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 29, 2016.

Omar J. Aboulhosn
United States Magistrate Judge

4